UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HENRY TURNER,

    Plaintiff,

    v.                                      CAUSE NO. 3:21-CV-890-JD-MGG

A. GERLACH,

    Defendant.

## OPINION AND ORDER

Henry Turner, a prisoner without a lawyer, filed a complaint about an alleged use of excessive force at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Turner alleges that on June 23, 2021, Sergeant A. Gerlach taunted him, threw his dinner tray on the floor, and pulled and twisted his arm painfully through the tray slot in the cell door. Then, Turner says that Gerlach sprayed him with OC spray, even though he was not a threat to anyone, and did not give him a decontamination shower afterwards. Finally, Turner alleges that Gerlach did not get him medical attention for

the significant shoulder and elbow injuries he inflicted while pulling Turner's arm through the tray slot.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Turner the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim of excessive force against Gerlach for pulling and twisting his arm through the tray slot and spraying him with OC spray for no reason on June 23, 2021.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the

2

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, Turner has plausibly alleged that the injuries to his shoulder and elbow were serious medical needs and that Gerlach was deliberately indifferent to those needs by failing to procure medical attention. Turner may proceed against Gerlach on this claim.

For these reasons, the court:

(1) GRANTS Henry Turner leave to proceed against Sergeant A. Gerlach in his individual capacity for compensatory and punitive damages for using excessive force by pulling and twisting Turner's arm through the tray slot and spraying Turner with OC spray for no reason on June 23, 2021, in violation of the Eighth Amendment;

(2) GRANTS Henry Turner leave to proceed against Sergeant A. Gerlach in his individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs following the alleged use of excessive force on June 23, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant A. Gerlach at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant A. Gerlach to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 16, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT