UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HENRY TURNER,

    Plaintiff,

    v.                                CAUSE NO. 3:21-CV-890-JD-MGG

A. GERLACH,

    Defendant.

## OPINION AND ORDER

Henry Turner, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims against Sergeant A. Gerlach. First, he is proceeding against Sgt. Gerlach "for using excessive force by pulling and twisting Turner's arm through the tray slot and spraying Turner with OC spray for no reason on June 23, 2021[.]" ECF 11 at 3. Second, he is proceeding against Sgt. Gerlach "for deliberate indifference to his serious medical needs following the alleged use of excessive force on June 23, 2021[.]" *Id.* On June 6, 2022, Sgt. Gerlach filed a motion for summary judgment, arguing Turner did not exhaust his administrative remedies before filing suit. ECF 21. With the motion, Sgt. Gerlach provided Turner the notice required by N.D. Ind. L.R. 56-1(f). ECF 24. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over four months ago, but Turner has not responded. Therefore the court will now rule on Sgt. Gerlach's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added).

2

Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Sgt. Gerlach provides an affidavit from the Grievance Specialist at the Miami Correctional Facility ("MCF"), who attests to the following facts:[1] During the time of the incident alleged in Turner's complaint, an Offender Grievance Process was in place at MCF. ECF 21-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3; ECF 21-2 at 3. Turner completed the first step of the grievance process by submitting formal grievances regarding the incident with Sgt. Gerlach. ECF 21-1 at 6. However, once the grievance office denied those grievances, Turner did not complete the remaining steps by appealing the grievance office's decision. *Id.*

Here, because it is undisputed Turner submitted grievances related to his claim against Sgt. Gerlach but did not appeal the grievance office's denial of those grievances, the undisputed evidence shows Turner did not fully exhaust any grievance related to

---

[1] Because Turner has not responded to Sgt. Gerlach's summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

his claim in this lawsuit. Thus, Sgt. Gerlach has met his burden to show Turner did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Sgt. Gerlach's summary judgment motion (ECF 21); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Gerlach and against Henry Turner and to close this case.

SO ORDERED on December 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT